# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TINA YVONNE STOUT,**

      **Plaintiff,**

**v.**                                                                                     **Case No:   6:18-cv-425-Orl-31LRH**

**PAUL STOUT, JIM STOUT and SALLY STOUT,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**I.**     **Procedural Background.**

On June 13, 2018, Metropolitan Life Insurance Company ("MetLife") filed an Interpleader Complaint regarding the proceeds of a life insurance policy covering the life of Dennis Stout ("decedent") who died on October 10, 2016 (Doc. 19). On June 26, 2018, Tina Stout, decedent's niece, filed an Answer claiming to be the designated beneficiary of the MetLife policy (Doc. 26). On August 27, 2018, decedent's siblings, Paul, Jim, and Sally Stout (collectively "defendants"), responded *pro se* to the Complaint, contending that they were the rightful beneficiaries because the written designation of Tina Stout was invalid (Doc. 31). On October 18, 2018, the Court authorized MetLife to deposit the life insurance proceeds of $63,000 into the registry of the Court and restyled the case as Tina Stout, Plaintiff versus Paul, Jim, and Sally Stout as defendants (Doc. 33). MetLife was subsequently dismissed from the case (Doc. 41), and the case was set for a bench trial on May 22, 2019 (Doc. 44). Defendants failed to comply with the Court's pretrial order and did not attend the pretrial conference. Accordingly, the Court prohibited Defendants from introducing any

exhibits at trial. Tina Stout was represented by counsel at trial; the defendants, Paul and Jim Stout, appeared *pro se*.

**II.    The Facts.**

The decedent, Dennis Stout, was a retired federal employee with life insurance issued by MetLife under a plan provided by Federal Employees Group Life Insurance ("FEGLI"). Originally, Dennis's wife, Kaye Stout, was the designated beneficiary on this policy. After Kaye died in 2014, Dennis completed a new Designation of Beneficiary form on April 1, 2015, naming Tina Stout as the 100% beneficiary of his life insurance. *See* Pl. Ex. 3-A, which is attached hereto as Appendix A. Tina Stout is the natural daughter of Defendant Paul Stout, who gave her up as a child to be raised by his brother Dennis Stout. Pl. Ex. 1. Dennis and Tina thus shared what amounted to a father-daughter relationship.

After Dennis died, Tina submitted a claim on November 20, 2016, for payment of the life insurance benefit. Pl. Ex. 4. By letter dated December 12, 2016, FEGLI denied her claim, contending that the designation from was invalid because it contained a cross-out and because Tina had signed the form on the same line as the decedent. Pl. Ex. 5. Because the claim was denied, the insurance proceeds would pass intestate to the defendants. This lawsuit followed.

It was established at trial that in 2015 Tina Stout, her daughter Erica Clark, and son-in-law Michael Clark lived with Dennis Stout at his house in Titusville, Florida.[1] On April 1st of that year, Dennis called the family together at the kitchen table to witness his completion and execution of the Designation of Beneficiary form. He explained to them that it was his intention to leave 100% of the proceeds to Tina.[2] Tina testified the cross-out resulted from Dennis's confusion about

---

[1] The house address is listed on the designation form. Pl. Ex. 3-A.

[2] Defendants made a hearsay objection to this and similar subsequent testimony which the Court took under advisement. Post-trial, the parties were given the opportunity to brief the issue.

whether to list her as "niece" or "daughter." Because of the cross-out, Dennis listed her again on the next line with the same information, but without the cross-out. Erica Clark and Michael Clark signed the form as witnesses, and corroborated Tina's recollection of the event.[3]

### III.  Analysis.

At the conclusion of Plaintiff's case, Defendants moved under Federal Rules of Civil Procedure 52(c) for judgment as a matter of law contending that Dennis's cross-out rendered the designation invalid. In making this argument, Defendants rely on a parenthetical at the top of the form that reads, "(Do not erase or cross-out. Use a new form)." Pl. Ex. 3-A at 1. On its face page, the form also says, "Important: Read instructions on the back of part 2 before completing this form." *Id.* These instructions provide in pertinent part that in the event of erasure or cross-out, "you should complete another form. Erasures, cross-outs, and alterations cause a delay in the payment of benefits and <u>may</u> make the entire designation invalid." *Id.* at 3 (emphasis added). Defendants contend, in essence, that the word "may" means "shall" and that FEGLI had no discretion but to deny the Plaintiff's claim.

The instructions on the form at the top of the back of part 2 of Plaintiff's Exhibit 3-A (page 3 of Appendix A) provide that the insured must sign the form, and that two disinterested people must witness the insured's signature. This is consistent with the governing statute, 5 U.S.C. §8705(a). Here, the decedent clearly complied with these requirements. The designation was in writing, it was signed by the insured, and was witnessed by the signature of two disinterested people.

---

Plaintiff's counsel submitted a brief contending that the decedent's statement of intent was admissible under the residual exception; Federal Rule of Evidence 807. Doc. 55. The Court agrees. *See also* Fed. R. Evid. 803(3). Defendants' objection is overruled.

[3] It appears that Dennis Stout was of sound mind at the time of this designation, and there is no indication that he was under any sort of duress.

While the instructions indicate that an erasure or cross-out may invalidate the form, invalidation is not mandatory. The face of the form, together with the evidence at trial, make the insured's intention clear: his desire to leave 100% of his benefit to his niece (daughter), Tina Stout.[4] Defendants offered no evidence to the contrary.

**IV.    Conclusion.**

Having considered the evidence and argument, the Court finds that the Designation of Beneficiary signed by Dennis Stout on April 1, 2015, is valid and that his niece Tina Stout is entitled to 100% of the life insurance proceeds. The Defendants' Rule 52(c) motion (Doc. 53) is **DENIED**, and the Court will enter judgment for Plaintiff.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 5, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] Defendants also point to the fact that Tina Stout signed on the line next to Dennis, and they rely on a parenthetical that advises only the insured/assignee may sign. But this is intended to preclude a signature by a guardian or by someone under a power of attorney. Here, the insured did sign. The fact that Tina also signed the form is of no consequence to the form's validity.